United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-31084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO MOLINA-AGUILAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-343-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

Guillermo Molina-Aguilar (Molina) appeals following his conviction for attempting to possess with intent to distribute more than five kilograms of cocaine hydrochloride. Molina argues that his trial counsel rendered ineffective assistance by failing to move for judgment of acquittal. An ineffective assistance claim is ordinarily not reviewed on direct appeal, but we will review such a claim when the record is sufficiently developed. See United States v. Rosalez-Orozco, 8 F.3d 198, 199 (5th Cir. 1993). Because the record contains all of the evidence necessary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with respect to Molina's ineffective assistance claim, we will review it in the interest of judicial economy.  See id.

To show ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficiency prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  If the defendant makes an insufficient showing on either element, the claim fails.  Id. at 697.

To establish prejudice in this context, Molina must show that "it is a reasonable probability that had counsel moved for a judgment of acquittal, the motion would have been granted on the basis of insufficiency of evidence."  Rosalez-Orozco, 8 F.3d at 199.  We examine "whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt."  Id. at 200 (internal quotation marks and citation omitted).  The evidence, both direct and circumstantial, is viewed "in the light most favorable to the jury verdict" and "[a]ll credibility determinations and reasonable inferences are to be resolved in favor of the verdict."  United States v. Resio-Trejo, 45 F.3d 907, 910-11 (5th Cir. 1995).

Molina contends that the evidence was insufficient to show that he knowingly attempted to possess a controlled substance, as opposed to some other form of contraband.  The trial evidence showed that a confidential source (CS) for the DEA arranged to

sell 20 kilograms of cocaine to two drug dealers for $240,000. The drug dealers told the CS that "Guillermo" would travel from Houston to New Orleans with the money to purchase the drugs. Molina arrived at the agreed location for the transaction. The evidence, which included tape recorded conversations between the CS and the drug dealers and between the CS and Molina, showed that Molina was given instructions about the transaction and was in contact with the drug dealers before and during the meeting. Molina agreed with the CS that a "quiet" place was needed for the transaction, meaning a location free from police intrusion. Molina possessed a box concealed in his truck with an amount written on the outside of the box that was nearly equal to the amount of the agreed purchase price. Molina cut open the box to show the CS the money, which was wrapped in cellophane in a manner consistent with use in the drug trade. When the CS used code words to refer to the drugs, Molina expressed no confusion and had no apparent difficulty understanding the CS.

We conclude that, viewed in the light most favorable to the verdict, the evidence was sufficient for a rational jury to conclude that Molina knew he was attempting to possess a controlled substance. See Rosalez-Orozco, 8 F.3d at 200; Resio-Trejo, 45 F.3d at 910-11. Because the evidence was sufficient to support the conviction, Molina has not shown that he was prejudiced by counsel's failure to move for judgment of acquittal. See Rosalez-Orozco, 8 F.3d at 202.

Accordingly, the judgment of conviction is AFFIRMED.